IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:23-CV-2081-RLY-MJD |
| ALL FUNDS SEIZED FROM AND/OR FUNDS ON DEPOSIT FROM MORGAN STANLEY ACCOUNTS 658-091821-245 AND 658-095221-245, | ) |
| Defendants. | ) |

**VERIFIED NOTICE OF CLAIM OF
MORGAN STANLEY PRIVATE BANK, NATIONAL ASSOCIATION**

Morgan Stanley Private Bank, National Association ("**Morgan Stanley PBNA**," or the "**Claimant**") files this Verified Notice of Claim pursuant to Supplemental Rule G(5) of the Federal Rules of Civil Procedure and, in support thereof, states the following:

1. Morgan Stanley PBNA is a financial services institution with its principal place of business in the State of New York. Francisco Guzman is the Executive Director of Morgan Stanley PBNA and is duly authorized to execute this document for and on behalf of the Claimant.

2. Through its Verified Complaint of Forfeiture *in Rem*, and pursuant to the provisions of 18 U.S.C. § 981, *et seq.*, the United States of America seeks forfeiture of the following property:

    a.    Any and all monies and/or funds on deposit with Morgan Stanley PBNA's affiliate, Morgan Stanley Smith Barney LLC ("**MSSB**") Account ▇▇▇▇1821-245 ("**Account 1**"); and

    b.    Any and all monies and/or funds on deposit in MSSB Account ▇▇▇▇5221-245 ("**Account 2**" and, together with Account 1, the "**Seized Accounts**").

3. Morgan Stanley PBNA is the first-priority, perfected lienholder to the monies and/or funds in the Seized Accounts, as set forth in further detail herein. Its position is therefore senior to the Government, and any portion to which the Claimant is entitled "shall not be forfeited," pursuant to the provisions of 18 U.S.C. § 983(d).

4. On or about May 17, 2019, Maximiliano Franco Pilipis ("**Pilipis**") entered into a Liquidity Access Line ("**LAL**") Agreement with Morgan Stanley PBNA (the "**LAL Agreement**").[1] Under the LAL Agreement, Morgan Stanley PBNA agreed to advance up to $10,000,000.00 to Pilipis (LAL Account Number ▇▇▇▇5764-245, the "**LAL Account**"), and in exchange Pilipis pledged the funds held in Account 1 as collateral. *See* Ex. A at 4.

5. On or about July 11, 2020, Pilipis further pledged the funds held in Account 2 as additional collateral for his LAL Account to satisfy his LAL Agreement obligations (the "**LAL Obligations**"), pursuant to a LAL Add Account Authorization form (the "**LAL Add Form**").[2]

---

[1]    A true and correct copy of the LAL Agreement is attached hereto as **Exhibit A**.
[2]    A true and correct copy of the LAL Add Form is attached hereto as **Exhibit B**.

6. As of November 30, 2023, the LAL Account held a closing loan balance of $4,939,621.04, and the variable interest rate (which resets daily) was 6.44522%.[3] *See* Ex. C at 3. Specifically, the total interest accrued in October 2023 was $27,213.18 and in November 2023 was $26,508.33, with each month's interest capitalized and rolled into the principal amount outstanding on the LAL on the first business day of the following month. *See id.* at 5-6.

7. Moreover, the Terms and Conditions of the LAL Agreement are clear that—in addition to (a) the outstanding principal loan balance and (b) any accrued and unpaid interest (which will continue to accrue until the LAL Obligations are paid off in full)—Pilipis' LAL Obligations also include (c) costs and fees, including attorneys' fees, incurred by the Claimant in connection with the enforcement of its rights under the LAL Agreement. *See* Ex. A at 17, 28, 33.

8. The LAL Account Statement further confirms that, as of November 30, 2023, Accounts 1 and 2 hold $6,893,261.78 and $3,369,802.56, respectively—for a total of $10,263,064.34. *Id.* at 4.

9. In sum, the LAL Agreement, its Terms and Conditions, and the LAL Add Form—providing that the funds held in the Seized Accounts are pledged collateral for the LAL Account to secure Pilipis' LAL Obligations—are clear that the Claimant is the first-priority, perfected lienholder on the assets held in the Seized Accounts, which include: (a) a $4,939,621.04 loan balance, as of November 30, 2023, (b) an additional $26,508.33 (and counting) in accrued and unpaid interest, to be rolled into the principal amount on the first business day of each proximate month, and (c) Claimant's costs and fees incurred in connection with the enforcement of its

---

[3] A true and correct copy of the Client Statement for the LAL Account for November 1-30, 2023 (the "**LAL Account Statement**") is attached hereto as **Exhibit C**.

3

rights under the LAL Agreement, which includes its attorneys' fees associated with this forfeiture action.

10. Morgan Stanley PBNA is therefore an innocent lienholder with a first priority, perfected security interest in the funds held in the Seized Accounts, which have been pledged to secure Pilipis' LAL Obligations. The Claimant's interest in the Seized Accounts is senior to that of the Government, and the portion of the funds held therein that are necessary to satisfy those obligations "shall not be forfeited," pursuant to the provisions of 18 U.S.C. § 983(d).

THIS the 21st day of December 2023.

Respectfully submitted,

*/s/ Lindsay E. Ray*
Lindsay E. Ray (*New York Reg. No. 5240171*)
BAKER, DONELSON, BEARMAN,
　CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203
(615) 726-7318
lray@bakerdonelson.com

*- and -*

Thomas H. Barnard (*to be admitted* pro hac vice)
BAKER, DONELSON, BEARMAN,
　CALDWELL & BERKOWITZ, P.C.
100 Light Street, Suite 1900
Baltimore, MD 21202
(410) 862-1185
tbarnard@bakerdonelson.com

*Attorneys for Claimant Morgan Stanley Private Bank, National Association*

## VERIFICATION

STATE OF  New York

COUNTY OF  New York

I, Francisco Guzman, Executive Director of Morgan Stanley Private Bank, National Association, verify under penalty of perjury, as provided by law, that the foregoing Notice of Claim is true and correct to the best of my knowledge, information, and belief.

Francisco Guzman

SWORN to and subscribed before me, this the  19th  day of December, 2023.

NOTARY PUBLIC

WENDY M NULTY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01NU6437892
Qualified in Queens County
My Commission Expires 08-08-2026

My Commission Expires:

08-08-2026

5

**CERTIFICATE OF SERVICE**

This will certify service of a copy of the foregoing document was filed with the Clerk and served via the CM/ECF online filing system with the U.S. District Court for the Southern District of Indiana, which will automatically send email notification to all counsel of record.

In addition, a hardcopy of the foregoing will be sent to the following, pursuant to Supplemental Rule G(5) of the Federal Rules of Civil Procedure:

Kelly Rota, Esq.
Assistant United States Attorney
10 West Market Street, Suite 2100
United States Attorneys' Office
Indianapolis, Indiana 46204-3048

Respectfully submitted this 21st day of December 2023.

**BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC**

/s/ Lindsay E. Ray
Lindsay E. Ray
1600 West End Avenue, Suite 2000
Nashville, TN 37203
(615) 726-7318
lray@bakerdonelson.com

*Attorneys for Claimant Morgan Stanley Private Bank, National Association*